IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

CAROL SAMAROV             PLAINTIFF

v.             CAUSE NO. 1:20-CV-225-SA-DAS

ALDI, INC. (TENNESSEE)             DEFENDANT

## COMPLAINT

COMES NOW the Plaintiff, Carol Samarov, and file this, her *Complaint* and in support thereof would respectfully show unto the Court the following:

1. That Plaintiff is an adult resident citizen of Lee County, Mississippi, and has been for more than six (6) months preceding the commencement of this cause of action;

2. That Defendant, Aldi, Inc. (Tennessee), is a foreign corporation which is incorporated in Tennessee and registered with the Mississippi Secretary of State's office to do business in Mississippi. Defendant may be served through service upon its Registered Agent, CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232;

3. That all incidents described herein took place in Lee County, Mississippi;

4. That the United States District Court for the Northern District of Mississippi is the proper venue for this cause of action. That the United States District Court for the Northern District of Mississippi has personal jurisdiction and subject matter jurisdiction over this cause of action as it pertains to a federal law, namely the Americans with Disabilities Act, and Aldi, Inc. (Tennessee) operates stores within the Northern District of Mississippi;

5. That the United States District Court for the Northern District of Mississippi has jurisdiction over this cause of action as it pertains to citizens of two different states and more than $75,000 is in controversy in this cause of action;

6. That Defendant is an operator of retail businesses which are generally open to the public and are therefore a public accommodation under Title III of the Americans with Disabilities Act;

7. That all acts described herein were undertaken by employees or associates of Defendant herein, while acting on behalf of the Defendant, and therefore Defendant is liable for such actions under the doctrine of respondeat superior;

8. That Plaintiff regularly shops in Defendant's stores in the Tupelo, Lee County, Mississippi area;

9. That Plaintiff is a disabled veteran whose disability requires the use of a service dog;

10. That due to Plaintiff's disability, she does not put a leash, vest or other restraint on her service dog while in public. It is necessary for Plaintiff's service dog to be free to notify another human should Plaintiff experience a panic attack while in public. At all times, Plaintiff controls her service dog through voice, signal or other effective controls. The service dog is also housebroken;

11. That in so acting, Plaintiff has complied with the revised regulations adopted under the Americans with Disabilities Act as it pertains to service animals under Title III of the Americans with Disabilities Act;

12. That on multiple occasions Plaintiff has entered one of Defendant's stores in the Tupelo, Lee County, Mississippi area as a member of the public for the proper purpose of shopping in said store and has been harassed regarding her service animal;

13. That this harassment has taken many different forms. Among other incidents, Plaintiff has been stopped in the entryway to the store and surrounded by store employees who have attempted to deny her entry to the store because of her service dog; has been followed by store employees while shopping for the purpose of determining if she controls the service dog; has been inappropriately questioned by store employees regarding her disability and the services offered by the dog; has had management direct uniformed police shopping in the store to falsely tell her that the police were coming to arrest her so she should leave, and has been verbally and physically attacked by fellow shoppers in the presence of store employees who did nothing;

14. That Defendant, by and through its store associates and store management, has violated Plaintiff's rights under the Americans with Disabilities Act;

15. That, not only have Plaintiff's rights been repeatedly violated, but she has been repeatedly harassed, illegally detained, threatened with arrest and humiliated by Defendant's associates and employees;

16. That under Title III of the Americans with Disabilities Act, (CFR 36.302 (a)), "A public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." That Defendant has failed to reasonably modify its policies, practices or procedures to afford Plaintiff with goods, services, facilities, privileges, advantages or accommodations to Plaintiff;

17. That Title III of the Americans with Disabilities Act (CFR 36.30 (c)) deals with matters of service animals. Pursuant to section (c)(1), a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability. That Defendant has repeatedly refused, in the name of its policies, practices and procedures, to permit Plaintiff to use her properly trained and controlled service dog without harassment by employees or customers;

18. That as a result of these actions taken by the Defendants and its employees, associates and agents, Plaintiff has not only had her rights under the Americans with Disabilities Act violated, she has been humiliated and suffered mental and emotional damages;

19. That as a result of these actions taken by Defendant and its employees, associates and agents, Plaintiff, who is a disabled veteran with a diagnosis of post-traumatic stress disorder, has suffered years of mental and emotional damages, has required counseling and has seen her symptoms of post-traumatic stress disorder worsen;

20. That Plaintiff requests $1,000,000 in actual damages for each violation of the Americans with Disabilities Act or the maximum amount permitted under the Americans with Disabilities Act;

21. That Plaintiff would show unto the Court that the acts and omissions of the Defendant, its employees, associates and agents were outrageous and/or undertaken with reckless indifference to the rights of the Plaintiff;

22. That Plaintiff would show unto the Court that she has been accused of theft, harassed and otherwise mistreated for years by employees of Defendant. This is a calculated effort on the part of Defendant to deny Plaintiff her rights, not a series of isolated incidents;

23. That for years, Plaintiff has made complaints to corporate representatives of Defendant and has been told that issues regarding her service dog would be remedied and nothing has been done;

24. That Defendant has failed to train its employees to handle this situation despite being made aware of Plaintiff's complaints on multiple occasions. That Defendant has shown deliberate indifference to Plaintiff's complaints and concerns;

25. That Defendant's repeated deliberate indifference has caused mental distress to Plaintiff as repeated instances of disability-based harassment have continued despite her bringing these issues to Defendant's attention;

26. That Plaintiff requests punitive damages in the amount of $100,000,000 for acts in violation of the Americans with Disabilities act or the maximum amount permitted under the Americans with Disabilities Act as a result of Wal-Marty's repeated deliberate indifference to the manner in which she is treated by its employees, store managers or other agents despite repeated requests for disability-related accommodations and the store's repeated failure to comply with these reasonable requests;

27. That Plaintiff requests that Defendant be ordered to pay all costs of court in this matter; and

28. That Plaintiff requests that Defendant be ordered to pay prejudgment interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court would award unto her the following relief:

1. Actual damages in the amount of $1,000,000 for each instance of the tort of false imprisonment and each violation of the or the maximum amount permitted under the Americans with Disabilities Act;

2. Punitive damages in the amount of $100,000,000 for acts in violation of the Americans with Disabilities act and or the maximum amount permitted under the Americans with Disabilities Act;

3. All costs of this action;

4. Prejudgment Interest; and

5. All other relief which the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the _____ day of October, 2020. *[handwritten: Nov 5]*

Carol Samarov, Plaintiff

By: _____
211 N. Madison St.
Tupelo, MS 38804

STATE OF MISSISSIPPI
COUNTY OF _____

    Personally appeared before me, the undersigned authority in and for said county and state, the within named Carol Samarov who states on her oath that the information contained in the *Complaint is* true and correct as therein stated.

                                                                   _____
                                                                     **CAROL SAMAROV**

Given under my hand and seal on this, the _____ day of October, 2020.

                                                                   _____
                                                                     Notary Public